# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JAPAN AIRLINES CO., LTD., a foreign company (Japan) which is duly qualified to and in fact conducting business within the State of California as company number C0282499; and Does 1 through 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAMELA MOZINGO

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2019 NOV 21 P 12: 24

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court- Central Division
330 West Broadway
San Diego, CA 92101

CASE NUMBER: *(Número del Caso):*
**37-2019-00061843-CU-PO-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel R. Krinsky, Esq., 110 West "A" Street, Ste. 1025, San Diego, CA 92101. Phone No.: (619) 665-6653

DATE: **NOV 2 1 2019**
*(Fecha)*

Clerk, by **M. David**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Japan Airlines Co., LTD., a foreign company (Japan) which is duly qualified to and in fact conducting business within the State of California as Company number C0282499
   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Daniel R. Krinsky, Esq. (CA Bar 53927)
110 West A Street, Suite 1025
San Diego, CA 92101
Telephone:   (619) 665-6653
E-mail:      Dan@DanKrinskyLaw.com

2019 NOV 21 P 12: 24

Attorney for Plaintiff
    PAMELA MOZINGO

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
CENTRAL DIVISION

| | |
|---|---|
| PAMELA MOZINGO,<br><br>                    Plaintiff,<br><br>vs.<br><br>JAPAN AIRLINES CO., LTD., a foreign company (Japan) which is duly qualified to and in fact conducting business within the State of California as company number C0282499; and DOES 1 through 100,<br><br>                    Defendants | Case No. **37-2019-00061843-CU-PO-CTL**<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES** |

PLEASE TAKE NOTICE that Plaintiff PAMELA MOZINGO, hereby complains and alleges that at all times relevant to the matters herein alleged:

## JURISDICTION OF THIS COURT

(1) Jurisdiction of this court is appropriate in that:

  (a) This is a court of "general jurisdiction" of the State of California; and

(b) As a court of general jurisdiction, this court has jurisdiction to apply Federal law.

## VENUE OF THIS COURT

(2) Venue of this court is appropriate in that:

    (a) Under CA Code of Civil Procedure §395, at least defendant JAPAN AIRLINES has a physical presence (at the San Diego airport) for the conduct of its business; and

    (b) Under CA Code of Civil Procedure §395, for the within personal injury claim, at least pursuant to the Montreal Convention, the destination airport – namely, the San Diego International Airport – is deemed to be "where the injury occurred."

## FICTITIOUSLY NAMED DEFENDANTS

(3) The true names and capacities of defendants herein designated "DOES 1" through "DOES 100" is presently unknown to plaintiff, who therefore sues such defendants by said fictitious names; and said plaintiff shall amend this complaint to state the full names and capacities of said defendants when the same has been fully ascertained.

## PLAINTIFF PAMELA MOZINGO

(4) Plaintiff PAMELA MOZINGO, is an individual person who maintains her domicile within the County of San Diego, City of Coronado; and, at various times related to her husband's employment, she maintains her residence at:

    (a) City of Coronado, California;

    (b) Brunei, a country located on the north coast of the island of Borneo, in Southeast Asia; and

    (c) Elsewhere, temporarily, all the while retaining her domicile within San Diego, California, and its surrounding cities, neighborhoods and communities.

(5) Plaintiff MOZINGO is a chiropractic physician who derives her living from the performance of chiropractic medicine and teaching others within said profession; and she has been duly licensed as such at various times:

    (a) By the State of California (said license has now on inactive status and eligible for reactivation);

    (b) By the United Kingdom, where her license is currently on inactive status and eligible for reactivation, and

    (c) By the nation of Brunei, where her license is currently active.

## DEFENDANT JAPAN AIRLINES

(6) Defendant JAPAN AIRLINES CO., LTD. (herein referred to as "JAPAN AIRLINES") was and now is:

    (a) A corporation existing under and by virtue of the laws of Japan;

    (b) A corporation that, since 1/29/1954 has been duly registered with and duly qualified to conduct business within the State of California as Company number C C0282499;

    (c) Maintained its principal place of business within California, within the County of Los Angeles;

    (d) Maintained an office for conducting business within the County of San Diego, where, as an international airline, it provide daily non-stop air transportation of persons and property between San Diego, California and Tokyo (Narita), Japan;

    (e) Since 2/1/1954[1] had been duly licensed by the Federal Aviation Administration (herein FAA) of the United States, as a "Foreign Air Carrier" (number JACF109F) duly licensed as such to carry persons and/or property into and from the United States by air;

---

[1] All dates stated herein are in the format of {month} / {day} / {year}.

(f) As a duly authorized Foreign Air Carrier of the United States, it was bound by the provisions of the Montreal Convention, which, among other things, established absolute liability of said business entity for personal injuries sustained by it passengers at all times while enroute on international flights between points of departure in one country to points of destination in another country;

(g) As a duly authorized Foreign Air Carrier of the United States, pursuant to 14 CFR Part 203, and other applicable law, it was required to and did waive all limitations of damages on international flights ticketed either to or from airports within the United States; and

(h) As of the date of the accident herein described, JAPAN AIRLINES was and had been duly authorized by the Office of the Secretary of Transportation (herein OST) of the U.S. Department of Transportation (herein DOT) to engage in international air transportation of persons and property between Tokyo (Narita), Japan, and San Diego, California; and, conducted daily non-stop flights in each direction on said route with Boeing model 787 aircraft.

## FACTS COMMON TO ALL CAUSES OF ACTION

(7) On or before 12/12/2017, plaintiff MOZINGO had purchased for market value an electronic ticket, a/k/a contract of carriage, from the Changi Airport at Singapore, to the San Diego International Airport via:

(a) JAPAN AIRLINES flight number JL 712 from Singapore to Tokyo Narita International Airport; thence.

(b) JAPAN AIRLINES flight number JL 066 from Tokyo Narita International Airport to the San Diego International Airport.

(8) At least with respect to the application of liability doctrine applying the Warsaw Convention,[2] the two distinct flights are treated as a single international flight from Singapore to San Diego; and case law applying same holds that said international flight "begins" as soon as the passenger departs the curb of the vehicular access to the airport, and certainly no latter than while seated in the aircraft in preparation for departure on the first leg of the international flight.

(9) On 12/12/2017, while seated in her assigned seat number 50G before departure from the Singapore airport, one of the many JAPAN AIRLINES flight attendants, while acting within the course and scope of her employment duties on behalf of JAPAN AIRLINES, utilized her seat to step upon to access the overhead baggage bin, and in the process slipped and fell on plaintiff MOZINGO, causing her to sustain a serious personal injury to her neck and shoulder.

(10) At the time of said occurrence, her immediate perceptions included:

    (a) She heard and felt a high-pitch snap/tearing sensation high in the right side of her neck near the base of her skull;

    (b) Focal burning-like pain at that location, and at her lower neck on the left side;

    (c) Vertigo;

    (d) Headache over the right side of her head and at her right eye;

    (e) Awareness of her sunglasses which had been elevated to rest on top of her head before the event, having imprinted into the top of her skull causing focal pain at that location;

    (f) Perception of an instability and slipping-like unintended movement of her head with respect to her neck, at the C1-C2-C3 level, and

    (g) A perception of shock and disorientation.

(11) For the remainder of the flight first from Singapore to Tokyo, and then from Tokyo to San Diego, her ongoing perceptions were:

---

[2] See paragraph (15) of this Complaint

(a) All pain sensations became more intense and more unbearable;

(b) To minimize the pain and aberrant movement, she was aware of the absolute necessity of keeping her head upright, looking straight ahead, and neither up nor down;

(c) The vertigo continued intermittently, and with the exacerbation being associated with any, even tiny, movement of her head away from its central position;

(d) The headache was reduced with Tylenol, but never eliminated;

(e) The right eye pain continued without abatement.

## FIRST CAUSE OF ACTION
## (ORDINARY NEGLIGENCE)

(12) As of 12/12/2017, while at the Singapore International Airport, otherwise safely secured in her assigned seat number 50G with her body turned approximately 45 degrees to the left while talking to another passenger seated next to her, and while awaiting departure from said airport on JAPAN AIRLINES flight number 712, certain otherwise unnamed and unknown flight attendants employed by JAPAN AIRLINES in the normal course and scope of their work as flight attendants, did so negligently so as to proximately cause plaintiff MOZINGO to sustain serious personal injuries, and causing the damages herein described.

## SECOND CAUSE OF ACTION
## (ABSOLUTE LIABILITY AS A COMMON CARRIER)

(13) As of 12/12/2017, while at the Singapore International Airport, otherwise safely secured in her assigned seat number 50G awaiting departure from said airport on JAPAN AIRLINES flight number 712, certain otherwise unnamed and unknown flight attendants employed by JAPAN AIRLINES in the normal course and scope of their work as flight attendants, did so unreasonably so as to proximately cause plaintiff MOZINGO to sustain serious personal injuries, and causing the damages herein described.

(14) At said time and place, JAPAN AIRLINES was engaging in the performance for compensation and profit as a common carrier of persons and property, and, as such was subject to the standards of liability established by CA Civil Code §§ 2100 through 2104; and, the conduct of JAPAN AIRLINES at said time and place was not in compliance with said standards of liability.

### THIRD CAUSE OF ACTION
### (ABSOLUTE LIABILITY UNDER THE WARSAW CONVENTION)

(15) As of 12/12/2017, while at the Singapore International Airport, otherwise safely secured in her assigned seat number 50G awaiting departure from said airport on JAPAN AIRLINES flight number 712, JAPAN AIRLINES was subject to the Warsaw Convention,[3] 49 USC App. 1502. and the Montreal Agreement,[4] 49 USC App. 1502, wherein air carriers such as JAPAN AIRLINES are absolutely liable to paying passengers who are injured during international flights. In exchange for a waiver of all defenses otherwise available to such air carriers, the Montreal Agreement limited the amount of damages recoverable by such paying passengers to $75,000, however in applying to become and in being a Foreign Air Carrier of the United States, JAPAN AIRLINES has continuously waived the $75,000 limit otherwise provided by the Montreal Agreement.

(16) As such, JAPAN AIRLINES is absolutely liable to plaintiff MOZINGO for any and all damages sustained by her by reason of the JAPAN AIRLINES' flight attendant using plaintiff MOZINGO's passenger seat as step ladder to reach the overhead baggage bins and thereupon falling upon her, proximately causing the injuries and damages sustained by her.

---

[3] Cited as "Convention for the Unification of Certain Rules Relating to International Transportation by Air."
[4] Cited as "Agreement Relating to Liability Limitation of the Warsaw Convention and the Hague Protocol"

## DAMAGES

(17) As a proximate result of the foregoing facts, circumstances and events, plaintiff MOZINGO has sustained serious and permanent personal injuries, consisting of at least the following, to the extent they are now known or reasonably suspected:

(a) Closed head injury with bruising and likely swelling of her brain and likely disruption of the delicate neurological structures within her cranial vault, including certain of the roots of the cranial nerves;

(b) A 7.7 mm x 13.7 mm cyst near the vertebral artery at the soft tissues of the right, inferior portion of the C1-C2 level, a finding that is intimately related to the interior oblique muscle and the vertebral artery as it exits through the foramen at C2 level, which was unknown to her prior to the above stated event, and which was subsequently resolved as of September, 2018;

(c) Hyperflexion injury associated with the full weight of the flight attendant on the front of her head, with her head being displaced downward and laterally beyond its normal limits of travel;

(d) Hyperflexion of the atlas (C1) and axis (C2) vertebrae with resulting damage to the associated soft tissues, including the right side vertebral artery and possible aneurism of said artery and/or thrombus of the closely located vertebral vein within that space;

(e) Sprains of the ligaments, and strains of the muscles that secure her head to her cervical spine, most dominantly at the C1-C2 level;

(f) Suspected avulsion-like displacement of the tendon fibers that insert into the enthesis at and near the mastoid process of the temporal bone of her head at or near the insertion of the sternocleidomastoid muscle and tendon, and the superior oblique muscle and tendon;

(g) A intervertebral disk bulge at the C2-C3 level;

   (h)    A intervertebral disk bulge at the C3-C4 level;

   (i)    A protruding intervertebral disk at the C4-C5 level of her spine with a 2 mm disk protrusion into her spinal canal;

   (j)    An protruding intervertebral disk at the C5-C6 level of her spine with a 1.5 mm protrusion into her spinal canal;

   (k)    A 2.5 mm protrusion of the intervertebral disk at the C6-C7 level into her spinal canal; and

   (l)    Other soft tissue injuries at or near the parts of her body of the above more specifically identified injuries.

(18)  Collectively, said injuries have and continue to be painful, motion limiting, and partially incapacitating, resulting in her ongoing suffering more specifically described as:

   (a)    Episodic headaches, dizziness, and vertigo, still ongoing;

   (b)    Episodic pain and blurred vision at her right eye and its surrounding orbit and muscles, still ongoing;

   (c)    Episodic pain in her neck from the base of her skull to below her shoulder blades, still ongoing;

   (d)    Episodic shooting pains from her shoulders down her arms, still ongoing; and

   (e)    A persistent perception of "looseness" of the attachment of her head to her neck.

(19)  As a result of the foregoing, plaintiff MOZINGO has sustained and continues to sustain:

   (a)    Costs, fees, and other consequences of further medical care related to said injuries, which are cumulatively estimated to now be an amount in excess of $15,000, and, given the persistence of said injuries at all times subsequent to the accident and now, a period of nearly two years, it is probable to a reasonable degree of medical certainty that she will

|   |   |   |
|---|---|---|
| 1 | | continue to incur medical care and services, and their resulting costs, for an indeterminant |
| 2 | | period into the future |
| 3 | (b) | Her pain and suffering in and amount in excess of the minimum jurisdictional limits of |
| 4 | | this court. |

WHEREFORE, Plaintiff prays judgment against the defendants, and each of them, as follows:

(1) Compensatory damages according to proof for her past and future medical expenses;

(2) General damages according to proof for her past and future pain and suffering;

(3) The reasonable costs and attorney's fees incurred by her which may be legally appropriate and lawfully imposed against the defendants herein; and

(4) Such other relief as may be deemed just and appropriate by the court.

Date: 11-21-19

By: _____
Daniel R. Krinsky, Esq.
Attorney for Plaintiff MOZINGO