UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MOZINGO,<br><br>                      Plaintiff,<br><br>v.<br><br>JAPAN AIRLINES CO., LTD., a foreign company (Japan) that is duly qualified to and in fact conducting business with the State of California as company number C0282499; and DOES 1 through 100,<br><br>                      Defendants. | Case No.: 19-CV-2489 JLS (AGS)<br><br>**ORDER REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>(ECF No. 1) |

      Presently before the Court is the Notice of Removal of Japan Airlines Co., Ltd. to United States District Court ("Not. of Removal," ECF No. 1). On December 27, 2019, Defendant removed this action from the Superior Court of the State of California, County of San Diego on the grounds that "it is a civil action between a citizen of the State of California and a citizen of a foreign state, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* ¶ 7, and "[t]his is an action over which the Court has original jurisdiction based on the existence of a federal question under 28 U.S.C. Section 1331" because "plaintiff's claims indisputably arise under the Montreal Convention." *Id.* ¶¶ 22, 25. Although Plaintiff Pamela Mozingo did not file a motion to remand, "[t]he court may—indeed must—remand an action *sua sponte* if it determines that

it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, No. CV 12-08985 MMM FFMX, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

**I.   Diversity Jurisdiction**

Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *accord Valdez v.*

*Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson*, 319 F.3d at 1090). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090.

Here, the underlying complaint states only that it is an unlimited civil case seeking in excess of $25,000. *See* Compl. (ECF No. 1-2) at 10.[1] Nonetheless, Defendant claims—based on the severity of the injuries Plaintiff alleges she sustained, *see* Not. of Removal ¶¶ 17–19 (citing Compl. ¶¶ 9–10, 17–18)—that "[i]t is facially apparent" that she is seeking damages in excess of $75,000 because she "seeks compensatory damages, general damages for past and future pain and suffering[,] costs of suit and interest, and attorneys' fees." Not. of Removal ¶¶ 17 (citing Compl. ¶ 19), 20.

Defendant misconstrues the "facially apparent" standard. Under Ninth Circuit jurisprudence, "it is facially apparent from the complaint that the jurisdictional amount is in controversy" where the plaintiff alleges a specific amount of damages in her complaint.[2]

---

[1] Pin citations to ECF No. 1-2 refer to the pagination provided by Defendant at the bottom of each page.

[2] Defendant's cases are not inconsistent. *See* Not. of Removal ¶ 20. In *Singer v. State Farm Mutual Automobile Insurance Company*, 116 F.3d 373 (9th Cir. 1997), the plaintiff "expressly conceded" before the court that the amount in controversy "absolutely" exceeded the requisite amount in controversy. *See id.* at 374. The court in that case denied the plaintiff's motion to remand on the basis of that judicial admission, which "established by a preponderance that the amount in controversy exceeded" the statutory minimum. *See id.* at 374, 377. Consequently, although the "facially apparent" standard may be appropriate for determining the amount in controversy, *see* Not. of Removal ¶ 20, neither the district court nor the Ninth Circuit in *Singer* relied on that standard, instead proceeding under the "[i]f not, the court may consider facts in the removal petition, and may 'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal'" standard. *See* 116 F.3d at 377 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336–36 (5th Cir. 1995)).

Similarly, in *Lamke v. Sunstate Equipment Co.*, 319 F. Supp. 2d 1029 (N.D. Cal. 2004), the district court concluded that it was not facially apparent that the jurisdictional amount in controversy was satisfied, allowing the court to "consider evidence relevant to the amount in controversy at the time of removal." *Id.* at 1032. In *Lamke*, the plaintiff withdrew his motion to remand, which was "tantamount to a concession that [the defendant]'s basis for removal was correct—*i.e.*, that more likely than not there is more than $75,000 at issue." *Id.* at 1034. Further, the parties' joint case management conference statement claimed that the plaintiff's damages came to approximately $71,000, which excluded future economic damages, punitive damages, out-of-pocket medical expenses, and $10,000 of the $25,000 emotional distress damages pleaded in his complaint. *See id. Lamke* therefore does not support Defendant's "facially evident" argument, either.

*See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)), *overruled on other grounds as recognized by Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *see also id.* at 998 n.4. Here, Plaintiff does not allege "a specific dollar amount with respect to the money damages sought"; consequently, "it is not facially apparent that the jurisdictional amount is in controversy." *See Lamke*, 319 F. Supp. 2d at 1033; *see also, e.g.*, *Singer*, 116 F.3d at 376.

Consequently, Defendant bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See Singer*, 116 F.3d at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). This it is has failed to do. *See, e.g.*, *Corbelle v. Sanyo Elec. Trading Co.*, No. C-03-1509 EMC, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) ("Because [the plaintiff]'s complaint contains allegations that she sustained serious and permanent injuries, that she has incurred and will continue to incur medical expenses, and that she has lost and will continue to lose wages, it is clear that the amount in controversy is not a small sum. However, the Court is not persuaded that these allegations alone establish that it is more likely than not that the amount in controversy exceeds $75,000."); *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198–99 (N.D. Cal. 1998) (noting that

---

To the extent Defendant is relying on *De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993), *see* Not. of Removal ¶ 20, which was cited by *Lamke*, *see* 319 F. Supp. 2d at 1032, *De Aguilar* is not binding on this Court and is also distinguishable because it involved claims for wrongful death. *See* 11 F.3d at 56–57. Further, in *De Aguilar*, "the defendants . . . offered testimonial evidence and published precedent showing that damages in the instant case and in similar cases would probably exceed $50,000 per plaintiff" and "evidence that the plaintiffs . . . claimed damages of up to $5,000,000 in other courts for the same injuries." *Id.* at 58.

Finally, in *Kammerdiener v. Ford Motor Co.*, No. ED CV 09-2180 PSG (VBKx), 2010 WL 682297 (C.D. Cal. Feb. 24, 2010), the plaintiffs sought damages for wrongful death and personal injuries. *See id.* at *2. The court in *Kammerdiener* relied on specific cases standing for the proposition that "seeking wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint." *See id.* at *2. Plaintiff's case, however, is not one for wrongful death; *Kammerdiener* and the authorities cited therein are therefore inapposite.

"[a] speculative argument regarding the potential value of the award is insufficient" and remanding action where the "[d]efendant contends that the amount in controversy, which includes contract damages in the amount of $56,500, plus attorneys fees, plus punitive damages, exceeds $75,000" because estimates of attorneys' fees and punitive damages were speculative); *see also, e.g.*, *Gaus*, 980 F.2d at 567 (*sua sponte* remanding action where "[the defendant] has offered no facts whatsoever to support the court's exercise of jurisdiction"). Consequently, Defendant has failed to produce evidence to meet its burden of showing by a preponderance of the evidence that the amount in controversy attributable to Plaintiff's claims exceeds the $75,000 threshold and that this Court has diversity jurisdiction.

**II.     Federal-Question Jurisdiction**

Federal courts have federal-question jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal-question jurisdiction pursuant to 28 U.S.C. § 1331 arises in two situations." *Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1106 (E.D. Cal. 2017). "First, a court may exercise federal-question jurisdiction where a federal right or immunity is 'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983)). "Second, federal-question jurisdiction arises where a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

"To assess federal-question jurisdiction, courts apply the 'well-pleaded complaint' rule under which 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391–92 (1987)). "A defense is not a part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (quoting *Rivet v. Regions Bank*, 522 U.S. 470,

475 (1998)). A corollary to the well-pleaded complaint rule, however, is the "complete pre-emption doctrine." *See Caterpillar Inc.*, 482 U.S. at 393. Under the complete pre-emption doctrine, where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Ins. Co.*, 481 U.S. 58, 65 (1987)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (citing *Franchise Tax Bd.*, 463 U.S. at 24).

Defendant claims that removal is proper because "plaintiff's claims indisputably arise under the Montreal Convention,[3] which provides the exclusive remedy for her claims." Not. of Removal ¶ 25. Although it is true that the district court in *Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057 (C.D. Cal. 2013),[4] concluded that the Montreal Convention completely preempted the plaintiff's state law claims, thereby "transmut[ing] Plaintiffs' facially state-law claims into federal ones," *id.* at 1061–64, "the majority approach . . . holds that the Montreal Convention does not provide a basis for removal under the doctrine of complete preemption." *Rocha v. Am. Jets, Inc.*, No. 14-60842-CIV, 2014 WL 12626317, at *3 (S.D. Fla. Nov. 17, 2014) (collecting cases). Indeed, several district courts within the Ninth Circuit have remanded cases such as Plaintiff's, concluding that the state law causes of action are not completely preempted by the Montreal Convention, but rather that the Montreal Convention operates as an affirmative defense. *See, e.g.*, *Jensen v. Virgin Atl.*, No. 12-CV-06227 YGR, 2013 WL 1207962, at *4 (N.D.

---

[3] The Montreal Convention is "a treaty known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 333292734." Not. of Removal ¶ 22.

[4] Defendant's other cited authority, *Seshadri v. British Airways PLC*, No. 3:14-CV-00833-BAS, 2014 WL 5606542, at *1 (S.D. Cal. Nov. 4, 2014), is distinguishable because the plaintiff in *Seshadri* alleged claims under the Montreal Convention in addition to state law claims. *See id.* at *1.

Cal. Mar. 25, 2013) ("follow[ing] the decisions of the district courts in California that hold the exclusivity provisions of the Montreal Convention operate as an affirmative defense but do not completely preempt state law causes of action" and remanding action where the "[d]efendant has cited no controlling authority that requires this Court hold that the Montreal Convention completely preempts Plaintiff's state law causes of action"); *Greig v. U.S. Airways Inc.*, 28 F. Supp. 3d 973, 977 (D. Ariz. 2014) ("find[ing] persuasive the numerous district court opinions from within the Ninth Circuit that have concluded that the Montreal Convention does not completely preempt state law claims but . . . may be an affirmative defense); *Nankin v. Cont'l Airlines, Inc.*, No. CV 09-07851 MMM RZX, 2010 WL 342632, at *6 (C.D. Cal. Jan. 29, 2010) ("conclud[ing] that the Montreal Convention does not completely preempt state law causes of action" and "provides no basis for asserting that federal subject matter jurisdiction exists"); *Serrano v. Am. Airlines, Inc.*, No. CV08-2256 AHM (FFMX), 2008 WL 2117239, at *7 (C.D. Cal. May 15, 2008) ("[T]he Montreal Convention does not completely preempt claims such as Plaintiffs' from being litigated in state court.").

In the absence of binding authority from the Ninth Circuit, the Court follows the "majority approach" and concludes that the Montreal Convention does not completely preempt Plaintiff's state law claims, but rather serves as an affirmative defense. *See, e.g.*, *Rocha*, 2014 WL 12626317, at *3 (collecting cases following this "majority approach"); *Greig*, 28 F. Supp. 3d at 977 (noting "numerous district court opinions from within the Ninth Circuit" concluding that the Montreal Convention may serve as an affirmative defense). The Court therefore concludes that Defendant has failed to establish that the Court has federal-question jurisdiction.

/ / /

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

In light of the foregoing, the Court **REMANDS** this action to the Superior Court of the State of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: January 9, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge